JAMES CAMPBELL *v.* ANTONIO L. CROUT.

A reference of a case to Auditors in the Court of Common Pleas, and the receiving and confirming by that Court of the Auditor's report, does not preclude an appeal of the case to this Court, nor affect a party's rights as an appellant, as secured by the 15th section of the act establishing Courts of Common Pleas.

The appellate Court, equally with the inferior Court, is vested with a discretion in respect to the appointment of Auditors in certain cases.

THIS was an action on the case in assumpsit, in this Court by appeal from a judgment in the Court of Common Pleas. The declaration contained the common counts for money borrowed, expended, loaned and received; and also a special count, charging that the defendant had, without authority, compromised and settled certain claims against a Railroad corporation which the plaintiff had entrusted to his management, with but limited powers; and also charging, that as the plaintiff's agent, he had taken possession of and received property of the plaintiff of which he had neglected and refused to render account.

The general issue was pleaded, and without trial to a jury the action was committed to auditors, under sec. 21 of the " act prescribing the manner of proceedings in Courts." The case was heard by the auditors, who rendered their report, in which the defendant was found to be indebted to the plaintiff in a large sum. On the

James Campbell *v.* Antonio L. Crout.

coming in of this report, the plaintiff moved its reception and confirmation, and for judgment accordingly, which motion the defendant resisted, insisting that it was his right to submit to judgment for the amount claimed in the plaintiff's writ, and to appeal to this Court; and this he proposed to do.   The Court, however, held, that it could render no judgment, other than upon the Auditors report, and judgment was accordingly rendered for the amount by the auditors reported due.   The defendant thereupon filed, with the consent of the Court, a submission to judgment for the amount claimed in the plaintiff's writ, and giving bond according to law, filed his reasons of appeal, and a copy of the whole case in this Court.

*Bradley,* for the plaintiff, moves that the appeal be dismissed.

*Potter* and *J. P. Knowles,* for the defendant, oppose.

BRAYTON, J.   The plaintiff in this case moves to dismiss the appeal filed in this Court, because as he claims, the defendant had no right to appeal except from the decree of the Court below, in receiving and accepting the report of the auditors, whereas the appeal as now filed brings up the whole case, and opens it for further evidence for either party.

The plaintiff grounds himself upon sec. 21 of the " act prescribing the manner of proceedings in Courts," (Dig. of 1844, p. 132,) which enacts that " in all actions relative to partnership, and all other joint accounts, and in all actions involving matters of book account, the Supreme Court and any Court of Common Pleas, are authorized and empowered to appoint an auditor or audi-

tors, who shall have the same power, and be sworn, and proceed in the same manner as auditors in a proper action of account;" and contends that under the provision of the statute upon the appointment of auditors, there can be no trial of the facts in any other mode, nor by any other auditors than those appointed in the court below.

The 15th section of the " act establishing Courts of Common Pleas," (Dig. of 1844, p. 99,) provides that " any party aggrieved by the judgment of the Court of Common Pleas in any county may appeal to the Supreme Court," " where both parties may have the benefit of any new and further evidence."

If this right to the benefit of any new and further evidence is to be denied by the appointment of auditors in the Court below, since the appointment of auditors is in the discretion of the Court, the intent ought to be clear.

The simple power of submitting the facts to another tribunal than the jury, would not, in itself, evince any such intent, but merely, that the fact might there be settled otherwise than by a jury trial.

There is nothing in the section providing for the appointment of auditors which necessarily prevents a further hearing of the fact in the court appealed to, but the same discretion is vested in the court of appeal.

The provision as to what shall be done on the reception of the auditor's report, is, that upon its reception judgment shall be rendered for the amount reported.

The same thing would be done upon a verdict when accepted, and there is nothing to show that this was not to stand upon the same footing.

There is nothing in section 21 limiting the appeal to the action of the court below upon the auditors' report,

and we see no reason why full effect should not be given to section 15 of the act.

It was contended that inasmuch as the auditors were to proceed as auditors in a proper action of account, the section 21 should be construed in analogy to the proceedings in an action of account, as to the appeal, as provided by the statute regulating that action.

The statute provides that upon rendering a judgment to account, the party, if he would appeal from that judgment, must do so within two days next after judgment rendered.

Now, in the action of account, the party has his appeal from the judgment to account; but if the plaintiff's position be sound, and the only appeal in case of appointment of auditor is upon the judgment of the court upon the reception of the auditors' report, then he would have less right than the party in an action of account, for he is debarred from any appeal from the appointment of the auditors, though it be made against his will.

*Motion refused.*